USCA1 Opinion

 

 March 27, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2144 UNITED STATES, Appellee, v. PATRICK W. TRACY, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Patrick W. Tracy, on brief pro se. ________________ Jay P. McCloskey, United States Attorney and Margaret D. __________________ _____________ McGaughey, Assitant U.S. Attorney. _________ ____________________ ____________________ Per Curiam. Appellant Patrick Tracy appeals the __________ denial by the United States District Court for the District of Maine of Tracy's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. 2255. Tracy also alleges that the court erred in denying his request for an evidentiary hearing. We affirm the denial of both the petition and the hearing, essentially for the reasons given by the magistrate judge in his recommended decision, dated August 16, 1995. Only one of Tracy's claims merits further comment. During Tracy's trial, three articles appeared in a local newspaper referring to Tracy's previously having been found not guilty by reason of insanity in a different case. The appearance of the articles was noted by the court at the time. However, the prosecutor and the defense attorney agreed that it was better not to question the jury on the matter since to do so might call undue attention to it. Tracy alleges that the failure of his counsel to request an examination of the jury constituted ineffective assistance of counsel. We disagree.  The record makes clear that, both prior to and after the articles' appearance, the court specifically instructed the jury not to listen to or to read accounts of the trial. Absent evidence to the contrary, jurors are presumed to follow a court's instruction, United States v. Boylan, 898 _____________ ______ F.2d 230, 263 (1st Cir.), cert. denied, 498 U.S. 849 (1990), ____ ______ and no evidence existed at the time, nor has any since been presented, that any member of the jury was aware of the articles in question. In such circumstances, Tracy's counsel's decision not to request an examination of the jurors may reasonably be understood as sound strategy to avoid calling undue attention to the articles. See United ___ ______ States v. Anello, 765 F.2d 253, 259 (1st Cir.) (absent any ______ ______ indication that jurors were aware of incident, court was within its discretion in not drawing attention to it by inquiring about incident), cert. denied, 474 U.S. 996 (1985). ____ ______ As such it clearly "falls within the wide range of reasonable professional assistance" and thus precludes a finding of ineffective assistance. Strickland v. Washington, 466 U.S. __________ __________ 668, 689 (1984). Tracy also claims that his attorney failed to ask the court to examine the jury because the attorney was himself the source of the newspaper story and feared that, if the issue were pursued, he would be discovered to have violated District of Maine Local Rule 40(a)(4). This rule prohibits a defense attorney from releasing information during trial "if there is a reasonable likelihood that such dissemination will seriously interfere with a fair trial." Tracy alleges that the resulting conflict of interest between the attorney and himself constitutes constitutionally ineffective assistance. -3- To show a conflict of interest, "a defendant must show that (1) the lawyer could have pursued a plausible defense strategy or tactic and (2) the alternative strategy or tactic was inherently in conflict with or not undertaken due to the attorney's other interests or loyalties." United States v. _____________ Soldevila-Lopez, 17 F.3d 480, 486 (1st Cir. 1994). Courts _______________ have recognized that a conflict of interest may result when pursuit of a client's interest would lead to evidence of attorney malpractice. See United States v. Ellison, 798 F.2d ___ _____________ _______ 1102, 1106-08 (7th Cir. 1986), cert. denied, 479 U.S. 1038 ____ ______ (1987) (defendant had accused attorney of malpractice); Mathis v. Hood, 937 F.2d 790, 795 (2d. Cir. 1991) (defendant ______ ____ had filed grievance with disciplinary committee). A showing of an actual conflict of interest obviates the need to demonstrate prejudice and constitutes a per se violation of ___ __ the Sixth Amendment. Soldevila-Lopez, 17 F.3d at 486-87.  _______________ Even if we credit Tracy's allegations, he has not made the requisite showing that his attorney's failure to seek an examination of the jury was due to other interests or loyalties. First, Tracy has not explained how examining whether or not the jury had been exposed to the articles would have led to the further examination of who was the source of the articles. Moreover, at the time the issue of the articles arose, Tracy's attorney had not been accused of any wrongdoing. This fact distinguishes Tracy's case from -4- both Ellison and Mathis. In the absence of any such _______ ______ accusation of the attorney or other evidence of a per se ___ __ violation of the Sixth Amendment, the charge of conflict of interest is simply too "speculative" to support an ineffective assistance of counsel claim. See Soldevila- ___ __________ Lopez, 17 F.3d at 486-87. _____ Affirmed. See 1st Cir. Loc. R. 27.1. ________ ___    -5-